UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BODIE B. WITZLIB,

        Plaintiff,

v.

JAMES L. SANTELLE,
KEVIN CARR,
STEPHANIE MOTT,
LYNN ADELMAN,
TRACY JOHNSON,
SHERYL STAWSKI,
JOHN SCHINDHELM,
LAURA KWATERSKI,
JON SANFILIPPO,
NANCY JOSEPH,
JON DIETRICH,
PAUL KANTER,
J.P. STADTMUELLER,
TOM WILMOUTH,
EDWARD HUNT,
MICHAEL COHN,
DAN STILLER, and
FOUR UNKNOWN PARTIES,

        Defendants.

Case No. 15-cv-211-pp

**ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING PROPER SERVICE OF ALL DEFENDANTS**

Background

On December 17, 2014, the plaintiff filed in the Milwaukee County Circuit Court a 196-page document—a civil complaint. The complaint described an extended series of facts which led to his arrest by Germantown, Wisconsin police; his indictment by a federal grand jury on charges of

1

importing, shipping and improper storage of explosive materials; his guilty plea; his release on electronic monitoring pending sentencing; and his sentencing on January 9, 2015.

On February 25, 2015, defendants Santelle, Adelman, Sanfilippo, Dietrich, Johnson, Kwaterski, Kanter, Joseph, Schindhelm, Stawski, Mott, Carr and any unnamed federal employees ("the federal defendants"), pursuant to 28 U.S.C. §§1441(a) and 1442(a), filed a notice of removal, removing the case from Milwaukee County Circuit Court to the federal court for the Eastern District of Wisconsin. The federal defendants asserted that they were agents or officers of the United States, or persons acting under such an agent or officer; that the actions the plaintiff alleged in the complaint were taken while the federal defendants were acting in their official capacities; and thus that original jurisdiction for the claims lay in federal court. (Citing 28 U.S.C. §1346.) While conceding that some of the non-moving defendants might not be agents or officers of the United States, the federal defendants asserted that they did not need the consent of any non-officer or agent defendants in order to effectuate their removal rights. (Citing, *e.g.*, Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981)).

On March 2, 2015, the plaintiff filed an objection to the removal of the case to federal court, and a motion to remand it back to Milwaukee County. He also filed a motion for a change of venue. Pursuant to the Civil Local Rules for the Eastern District of Wisconsin, the deadline for parties who wish to do so to respond to those motions has not expired as of the date of this order.

On March 3, 2015, the federal defendants filed a motion asking the court to stay the proceedings in the case until such time as the plaintiff had properly served all of the named defendants. The federal defendants asked the court to grant them sixty days after proper service to answer or otherwise respond to the complaint. They asked that this sixty-day time period run from the date the last of their number had been properly served under Federal Rule of Civil Procedure 4(m).

On March 9, 2015, the plaintiff filed a motion asking the court to "re-establish the initial filing date" of the complaint. He alleged that he had served all defendants on January 26, 2015 pursuant to Wisconsin law. He also filed a response to the federal defendants' motion to stay proceedings, indicating that he did not object to the court's granting that motion "[u]nder the condition that the filing date for federal case 15-cv-211 be re-established in the court record to February 24th, 2015, the date the case was remanded out of Wisconsin State Court to Eastern District of Wisconsin Federal Court."

On March 9, 2015, counsel for the federal defendants informed the court by letter that the federal defendants would not be responding to any of the plaintiff's motions until the court had ruled on their motion to stay proceedings, unless the court directed them to provide responses to any specific motion.

(Since removal, defendant Michael Cohn has filed an answer to the complaint. Defendants Edward Hunt and Daniel Stiller have filed motions to dismiss the complaint pursuant to Rule 12.)

Discussion

The plaintiff argues in his response to the federal defendants' March 3, 2015 motion to stay proceedings that he effected service on the defendants in accordance with Wisconsin law.  While the plaintiff originally filed his case in state court, Rule 81(c)(1) of the Federal Rules of Civil Procedure states that those rules—the Federal Rules of Civil Procedure—"apply to a civil action after it is removed from a state court."  This means that in order for the court to determine whether the plaintiff has properly served his complaint, the court must look to the service provisions of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Fed. R. Civ. P. governs service.  Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served . . . ."  Rule 4(a)(1) describes the contents of the summons.

Rule 4(i) specifically addresses "Serving the United States and Its Agencies, Corporations, Officer, or Employees."  There are very specific requirements for serving individual officers or employees—these requirements are described in Rule 4(i)(2) and 4(i)(3).  In particular, the plaintiff must serve not only the officer or employee, but the United States, and Rule 4(i)(a) explains what is necessary to serve the United States.  As the federal defendants point out in their motion to stay proceedings, this means serving the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1)(B).

4

Until the plaintiff has served each of the defendants in accordance with Rule 4, the case cannot move forward. A defendant who hasn't been properly served cannot answer or otherwise respond to the complaint, as required by Fed. R. Civ. P. 12. A defendant who has not been properly served cannot respond to motions the plaintiff may file—and the local rules for the Eastern District of Wisconsin give parties the opportunity to respond to motions.

The court does not have any proof that the plaintiff has properly served all of the named defendants in the manner required by the Federal Rules of Civil Procedure. The court is willing to give the plaintiff time to effectuate proper service, understanding that he likely is not familiar with these rules. While the court cannot give the plaintiff legal advice, it does note that if, once he has properly served each defendant, he files proof of how he served that defendant with the court, that will help move his case forward. The court also recommends that the plaintiff go to the court's web site—www.wied.uscourts.gov—and click on the "Pro Se Resources" link on the left-hand side of the page. He may find the brochure "Answer to Pro Se Litigants' Common Questions" of assistance to him. He may also find it useful to review the Local Rules, also found on the court's web site.

Once the plaintiff has properly served each of the named defendants, those who have not yet answered or otherwise responded must have the opportunity to do so. The federal defendants ask the court to grant them sixty days from the date the last of their number is properly served to answer. This request reflects the requirements of Fed. R. Civ. P. 12(a)(2) and 12(a)(3), which

state that officers or employees of the United States have sixty days after service to answer or otherwise respond. (The court notes that Fed. R. Civ. P. 12 allows defendants to file "responsive pleadings," which can include motions to dismiss and other motions asserting affirmative defenses.)

Accordingly, the court **ORDERS** as follows:

1.) The court **GRANTS** the federal defendants' March 3, 2015 motion to stay proceedings. The court **STAYS** all proceedings in this case, as to the plaintiff, the federal defendants, and all other defendants, including answer deadlines, objection deadlines, deadlines for filing responses to motions, and any other deadlines not otherwise specified in this order, until the plaintiff has filed proof of proper service as to every named defendant.

2.) The court **ORDERS** that, within ninety (90) days of the date of this order, the plaintiff must serve the summons and complaint, in the manner required by Fed. R. Civ. P. 4, on every named defendant in the case. The court further **ORDERS** that once the plaintiff has properly served each named defendant, he must file proof of that service with the court.

3.) The court further **ORDERS** that the federal defendants have sixty (60) days from the date the last of the federal defendants is properly served to answer or otherwise respond to the complaint. The court further **ORDERS** that any other named defendant may answer or

otherwise respond to the complaint within the time limits prescribed by Fed. R. Civ. P. 12.

4.) The court further **ORDERS** that once the plaintiff has filed proof of proper service as to each named defendant, the court will schedule deadlines for parties to respond to pending motions, as well as considering general case scheduling pursuant to Fed. R. Civ. P. 16 and 26.

So ordered at Milwaukee this 20th day of March, 2015

_____
HON. PAMELA PEPPER
United States District Court