IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BODIE B. WITZLIB,	Case No. 15-cv-211-pp

　　　　　　　Plaintiff,

v.

JAMES L. SANTELLE, KEVIN CARR,
STEPHANIE MOTT, LYNN ADELMAN,
AUSA TRACY JOHNSON, SHERYL STAWSKI,
JOHN SCHINDHELM, LAURA KWATERSKI,
JON SANFILIPPO, HONORABLE NANCY JOSEPH,
LAW CLERK JON DIETRICH, AUSA PAUL KANTER,
J.P. STADTMUELLER, TOM WILMOUTH,
EDWARD HUNT, MICHAEL COHN,
DAN STILLER, UNKNOWN (sued as John S.), MARLON BURTON,
DOUG BACHERT, AND UNKNOWN DEFEDANTS,

　　　　　　　Defendants.

**ORDER SCREENING PLAINTIFF'S COMPLAINT PURSUANT TO
28 U.S.C. §1915(e)(2)(B), AND GIVING THE PLAINTIFF A DEADLINE BY
WHICH TO FILE AN AMENDED COMPLAINT**

**I.　BACKGROUND**

On December 17, 2014, the plaintiff filed a 196-page civil complaint in the Milwaukee County Circuit Court. Dkt. Nos. 3-1 and 3-2. The complaint described an extended series of facts which led to his arrest by Germantown, Wisconsin police; his indictment by a federal grand jury on charges of importing, shipping and improper storage of explosive materials; his guilty plea; his release on electronic monitoring pending sentencing; and his sentencing on January 9, 2015.

1

On February 25, 2015, defendants James Santelle, Lynn Adelman, Jon Sanfilippo, Jon Dietrich, Tracy Johnson, Laura Kwaterski, Paul Kanter, Nancy Joseph, John Schindhelm, Sheryl Stawski, Stephanie Mott, Kevin Carr and any unidentified federal employees references in the complaint ("the federal defendants") filed a notice of removal pursuant to 28 U.S.C. §§1441(a) and 14429a), removing the case from Milwaukee County Circuit Court to the federal court for the Eastern District of Wisconsin. Dkt. No. 3. On March 2, 2015, the plaintiff objected, and asked the court to remand the case back to Milwaukee County. Dkt. Nos. 6 and 7. He also filed a motion for a change of venue. Dkt. No. 8.

On March 3, 2015, the federal defendants filed a motion asking the court to stay the proceedings until the plaintiff had properly served all of the named defendants. Dkt. No. 14. The federal defendants asked the court for sixty days after proper service to answer or to respond to the complaint. Id. The court granted that motion on March 20, 2015, Dkt. No. 26 at 6, and ordered the plaintiff to properly serve all of the defendants by Thursday June 18, 2015. Id. Once properly served, the court ordered the plaintiff to file proof of the service with the court. Id. The court required the federal defendants to file a responsive pleading within sixty days of proper service. Id. The court ordered other named defendants to answer within the time limits prescribed by Fed. R. Civ. P. 12. Dkt. No. 26 at 6-7.

On June 4, 2015, the plaintiff filed an amended complaint. Dkt. No. 29. The amended complaint is 205 pages long—even longer than the complaint

2

Case 2:15-cv-00211-PP   Filed 07/09/15   Page 2 of 11   Document 42

filed in state court. It is so long that the court's electronic docketing system had to docket it in three separate chunks—pages 1-65, pages 66-130, and pages 131-205. In its June 19, 2015 order denying the plaintiff's request for a hearing, the court observed that the plaintiff had filed the amended complaint without seeking leave of the court and without proof of the consent of the defendants. Id. (citing Fed. R. Civ. P. 15(a)(1) and (2)). The court emphasized that the plaintiff needed to follow the Federal Rules of Civil Procedure, and warned the plaintiff that if he did not do so, the court might dismiss the complaint with prejudice. Id. at 2-4. On June 23, 2015, the plaintiff filed copies of certified mail receipts with tracking information. Dkt. No. 40. On June 29, 2015, Assistant United States Attorney Chris Larsen filed a waiver of service for defendants Adelman, Deitrich, Johnson, Joseph, Kanter, Kwaterski, Mott, Sanfilippo, Santelle, Schindhelm, Stawski, Bachert, Burton, and Carr. Dkt. No. 41.

The court is aware that defendant Tom Wilmouth has filed an answer[1] to the amended complaint, Dkt. No. 30, and that defendants Edward Hunt and Dan Stiller have filed motions to dismiss, Dkt. Nos. 32 and 34. For the reasons stated below, however, the court is requiring the plaintiff to file an amended complaint.

---

[1] The court notes that defendant Wilmouth included, in the affirmative defense section of the answer, a request that this court dismiss the complaint for failure to state a claim. Dkt. No. 30 at 22. For future reference, the court refers defendant Wilmouth to Fed. R. Civ. P. 12(b), and suggests that any future request for dismissal for failure to state a claim be stated in a motion.

3

## II.   FEDERAL SCREENING STANDARD

A federal district court has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (citations omitted). Title 28 U.S.C. §1915(e)(2)(B) requires the court to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

4

(1957)). However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived the plaintiff of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give

5

the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. SCREENING OF THE PLAINTIFF'S COMPLAINT

Although two defendants have filed motions to dismiss the complaint, and although the plaintiff has not properly served one of the named defendants, the court has attempted to review the plaintiff's June 4, 2015 amended complaint according to §1915. The court's attempts to conduct that review prompted this order.

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013) (quoting U.S. ex rel. Garst, 328 F.3d 374, 378 (7th Cir. 2003)).

6

"District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Id. Circuit courts have upheld district court decisions to dismiss complaints that were 246 pages with 600 paragraphs (In re Westinghouse Securities Litigation, 90 F.3d 696, 702-3 (3rd Cir. 1996)) and 155 pages with more than 400 numbered paragraphs and 99 attachments (U.S. ex rel. Garst, 328 F.3d at 379).

In this case, the amended complaint consists of 205 pages and 857 paragraphs of factual and legal assertions. Dkt. Nos. 29, 29-1, and 29-2. As the Seventh Circuit indicated in Kadamovas, if the plaintiff has included any factual allegations that have merit, they are buried in pages and pages of conclusions, allegations, and somewhat purple prose.

Not only is the complaint long and wordy, but, as best the court can tell, it appears to contain allegations of different kinds of injuries allegedly committed by different groups of defendants. He appears to allege, for example, that prosecutors falsified documents and used them to prosecute him. He appears to allege that members of the clerk's office staff failed to docket documents that he filed. He appears to allege that employees of the marshals service disclosed medical records without his consent, and possibly (although it is hard to tell) had something to do with denying him necessary medical care.

Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both

7

claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(1)(A)." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Id. (citing George v. Smith, 507 F.3d 605 (7th Cir. 2007)).

The plaintiff in this case appears to have done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do—collect a series of differing allegations against a variety of defendants and put them all in one complaint. While the court understands that the plaintiff came into contact with all of the defendants as a result of his April 2013 arrest by Germantown, Wisconsin police, and while all of the defendants he names in the amended complaint are affiliated in some way with the federal court for the Eastern District of Wisconsin, those two facts do not solve the joinder problem presented in the amended complaint.

In many places, the plaintiff does not specify who he believes caused the injuries of which he complains. The plaintiff has sued nineteen defendants by name, as well as un-named defendants. He also names, in the caption of his complaint, "Eastern Dist. Of Wisconsin Fed. Governmental Institution." Dkt. No. 29 at 1. In many paragraphs in the complaint, he accuses "Eastern District of Wisconsin Federal Governmental Institution defendants" with committing certain acts. See, e.g., Dkt. No. 29 at paragraphs 316, 344, 363, 647. The court does not know who "Eastern District of Wisconsin Federal Governmental Institution defendants" are. For each injury or violation of rights the plaintiff

alleges, he must state with specificity *who* he believes caused that injury or violated that right.

Before this case goes any further, the court is going to require the plaintiff to file a second amended complaint that complies with Fed. R. Civ. P. 8, 18 and 20. The amended complaint must provide a "simple, concise, and direct" statement of his claims. <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998). The complaint should "avoid a rambling, incoherent complaint." <u>Ford v. Flannery</u>, No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). The plaintiff also must elect from among his many causes of action the related causes upon which he wishes to proceed, and limit his complaint to related causes. The court is enclosing with this order a packet of information entitled "Guide to Filing Complaints Without a Lawyer in Federal District Court." This guide explains how to file a complaint that the court and the defendants can effectively consider. It also contains a form complaint. The court is going to require the plaintiff to use that form to file his second amended complaint. <u>See</u> Civil L. R. 9 (E.D. Wis.) If, even after crafting his allegations in clear, concise, "who, what, when, where, why" language, the plaintiff needs more space than is provided in the form complaint, he may attach a maximum of five, double-spaced pages.

## IV. SERVICE OF THE DEFENDANTS

The court notes that on June 23, 2015, the plaintiff filed copies of six (6) U.S. Postal Service certified mail receipts, and the tracking records to show that the items mailed had been delivered. Dkt. No. 40. The plaintiff filed these

9

receipts in response to the court's requirement that he file proof that he'd properly served all of the defendants pursuant to Fed. R. Civ. P. 4.

The receipts that the plaintiff filed show that he sent copies of his complaint to Assistant U.S. Attorney Chris Larsen (counsel of record for the named federal defendants and any unnamed federal defendants), attorney Joseph Travino at the law firm of Smith Amundsen (counsel of record for defendant Dan Stiller), the law firm of Boardman & Clark, LLP (the law firm with which defendant Michael Cohn's counsels of record—Catherine Rottier and Claude Covelli—are affiliated), United States Attorney General Loretta Lynch, Attorney Terry Johnson (one of the two attorneys of record for defendant Tom Wilmouth), and the law firm of Wilson, Elser & Dicker (the law firm with which defendant Edward Hunt's three attorneys of record—Douglas Knott, Nicholas Harken and Ryan Wiesner—are affiliated).

The cover letter which the plaintiff filed along with these receipts lists attachments; it refers to attachment F as "Wilson Elser & Dicker for J.P. Stadtmueller et al." Dkt. No. 40-1. But that law firm has made no appearance on behalf of defendant Judge J.P. Stadtmueller. The Wilson law firm attorneys have appeared only on behalf of defendant Edward Hunt. To date, therefore, the plaintiff has failed to serve defendant J.P. Stadtmueller. The court again warns the plaintiff that, after he files his short, concise second amended complaint, he must properly serve that complaint in compliance with Fed. R. Civ. P. 4, and must serve it on every defendant whom he names.

### V.  CONCLUSION

The court **ORDERS** the plaintiff to file an amended complaint within **ninety days** of the date of this order. The complaint must comply with Fed. R. Civ. P. 8, 18 and 20, and the plaintiff must use the form provided by the court. Civ. L. R. 9. The plaintiff must serve the summons and complaint, in the manner required by Fed. R. Civ. P. 4, on every named defendant in the case. Once the plaintiff has properly served each named defendant, the court **ORDERS** him to file proof that service with the court.

The court **ORDERS** that the federal defendants have sixty days from the date the last of the federal defendants is properly served to answer or otherwise respond to the second amended complaint. The court **ORDERS** that any other named defendant may answer or otherwise respond to the complaint within the time limits prescribed by Fed. R. Civ. P. 12.

Once the plaintiff has filed proof of proper service as to each named defendant, the court will schedule deadlines for parties to respond to pending motions and will consider general case scheduling pursuant to Fed. R. Civ. P. 16 and 26.

Dated at Milwaukee, this 9th day of July, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

11

Case 2:15-cv-00211-PP   Filed 07/09/15   Page 11 of 11   Document 42