UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BODIE WITZLIB,

    Plaintiff,

v.    Case No. 15-cv-211-pp

JAMES SANTELLE, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 7), DENYING PLAINTIFF'S MOTION TO CHANGE VENUE (DKT. NO. 8), AND DENYING PLAINTIFF'S MOTION TO SCHEDULE HEARING (DKT. NO. 114)**

## I. Background

On February 25, 2015, twelve of the original seventeen defendants filed a notice of removal for the plaintiff's Washington County Circuit Court case, citing 28 U.S.C. §§1346, 1441 and 1442. Dkt. No. 3.[1] A week later, on March 2,

---

[1] The plaintiff's original complaint named James Santelle, Lynn Adelman, Jon Sanfilippo, Jon Dietrich, Tracy Johnson, Kevin Carr, J.P. Stadtmueller, Nancy Joseph, Laura Kwaterski, Paul Kanter, John S., Sheryl Stawski, Thomas Wilmouth, Edward Hunt, Michael Cohn, Dan Stiller, Stephanie Mott, federal deputy marshal "Burton"; federal deputy marshal "Doug"; (Eastern District of Wisconsin Federal Government Institution); and "any unknown federal government employees functioning jointly and in concert with aforementioned defendants whom are not mentioned but took part in violating and facilitating the violations of plaintiff's rights and injuring plaintiff." Dkt. No. 3-1 at 8. The following defendants filed the notice of removal: James Santelle, the Honorable Lynn Adelman, Jon Sanfilippo, Jon Dietrich, Tracy Johnson, Laura Kwaterski, Paul Kanter, the Honorable Nancy Joseph, John Schindhelm, Sheryl Stawski, Stephanie Mott, Kevin Carr, and "any other employees of the United States Marshals' Service as well as any unknown federal government employees not identified who are alleged to have violated plaintiff's rights and injured him[.]" Dkt. No. 3 at 1.

1

2015, the plaintiff filed two motions: a motion to remand the case, dkt. no. 7, and a motion to change venue, dkt. no. 8. The plaintiff's arguments in support of the two motions overlap; he copied and pasted pages four and five of his motion for remand into a separate docket entry as his "motion to transfer case." Compare Dkt. No. 7 at 4-5 with Dkt. No. 8.

The court stayed the deadlines for the defendants to respond to these motions until the plaintiff had filed proof of proper service for every named defendant. Dkt. No. 26. On October 14, 2015, the court issued an order deeming service effective on all defendants, dkt. no. 74, but no defendant responded to the plaintiff's motions. Two months later—on December 14, 2015—the defendants filed motions to dismiss the case, dkt. nos. 94, 103, and the court has had those motions under consideration. A year later, on December 27, 2016, the plaintiff filed a motion for a scheduling hearing. Dkt. No. 114. The court will deny the plaintiff's motions to remand, to change venue, and for a scheduling hearing. The court will issue its ruling on the motion to dismiss by separate order.

## II.  Motion to Remand and Motion to Transfer (Dkt. No. 7, 8)

### A.  Plaintiff's Arguments

The plaintiff argues that "[t]he only reason James Santelle and company sought to remove, and then remove, the foregoing case to federal court is to give defendants, whom are all federal employees, an unfair and unlawful advantage against plaintiff Witzlib." Dkt. No. 7 at 1. The plaintiff states that he filed his complaint in Wisconsin state court because the defendants had

2

violated the plaintiff's rights under the Wisconsin Constitution; because all of the alleged violations had occurred in Wisconsin and were committed by residents of Wisconsin; and because the defendants had acted unlawfully under Wisconsin precedent. Id. at 2.

The plaintiff asserts that state court provided a "level playing field" for his claims. Id. at 3. He argues that his case does not involve a suit between parties from different states, that he is not suing the United States, and again, that he iss suing for violation of Wisconsin laws. Id. He also alleges that the federal court does not have subject-matter jurisdiction over his claims, citing Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996) and Grubbs v. General Elec. Credit Corp., 405 U.S. 699 (1972).

The plaintiff expresses concern with having his civil case proceed in the same courthouse where the named defendants work:

> Fifteen of the nineteen individuals on the federal payroll, named as defendants, work, operate, run, and oversee the Eastern District of Wisconsin federal courthouse day to day operations. It is a mockery of the judicial system to assign the foregoing case to be adjudicated under the authority of the defendants, and the defendants' close colleagues, who dictate the decisions and control the court actions of the district in which the plaintiff is take legal civil action against those same individuals. To force the plaintiff to go through the court process under the power of those people he is taking civil action against and their colleague and co-workers with whom they have day to day social relationships with, is a mockery of judicial process and the American Court System. There can be no justice or fairness, and the term "conflict of interest" is an understatement, for plaintiff, if this case is adjudicated within, through, by, and under the will and power of the very defendants of whom the plaintiff is taking legal action against.

3

Case 2:15-cv-00211-BHL   Filed 03/30/18   Page 3 of 18   Document 115

Id. at 4-5. The plaintiff makes this same argument in support of his motion to transfer venue. Dkt. No. 8 at 1-2.

In the motion to transfer venue, the plaintiff argues that under 28 U.S.C. §1404(a), the court may transfer the case "in the interest of justice." He stresses that "[i]f these proceedings should proceed in the venue of the Eastern District of Wisconsin, plaintiff Witzlib will not receive fair, just, or lawful proceedings." Dkt. No. 7 at 6; Dkt. No. 8 at 3. He asks the court to transfer the case either to the Northern District of Illinois or to the Western District of Wisconsin. Id.

> B. Analysis
>> 1. *Motion to Remand*

The plaintiff does not cite a statute in support of his request that the court to remand the case to state court. The court will construe his motion as a motion under 28 U.S.C. §1447(c), because he argued that the court "lacks subject matter jurisdiction," and because he cited Lewis, 519 U.S. 61, which examined the role of a district court in deciding motions for remand under 28 U.S.C. §1447(c). Lewis, 519 U.S. at 77-78.

28 U.S.C. §1447(c) states, in relevant part, that

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. §1447(c). "Section 1447(c) thus sets up two categories of reasons for remand: a 'defect in the removal procedure' and the absence of subject matter

4

jurisdiction." <u>Matter of Continental Cas. Co.</u>, 29 F.3d 292, 293 (7th Cir. 1994) (quoting <u>Gravitt v. Southwestern Bell Telephone Co.</u>, 430 U.S. 723 (1977)). The plaintiff filed his motion for remand on March 2, 2015—within the thirty days required by §1447(c)—and therefore the court may consider both bases for remand.

    a. There is No "Defect in the Removal Procedure."

"[Title 28 U.S.C.] Section 1446 establishes procedures for removal, and a 'defect in the removal procedure' means failure to comply with § 1446." <u>Cont'l Cas. Co.</u>, 29 F.3d at 294. Subsection (a) of §1446 provides:

> (a) Generally.—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

On February 25, 2015, some of the defendants[2] filed a notice of removal. Dkt. No. 3. The notice of removal complied with §1446(a). It contained a short

---

[2] The notice of removal states that it is brought by "The Federal Defendants" who include James L. Santelle, Lynn Adelman, Jon Sanfilippo, Jon Dietrich, Tracy Johnson, Laura Kwaterski, Paul Kanter, Nancy Joseph, John Schindhelm, Sheryl Stawski, Stephanie Mott, Kevin Carr, "any other employees of the United States Marshals' Service as well as any unknown federal government employees not identified who are alleged to have violated plaintiff's rights and injured him." Dkt. No. 3 at 1. The notice indicates that: "The United States Department of Justice and the United States Attorney's Office for the Eastern District of Wisconsin do not represent the following named defendants: James P. Stadtmueller, United States District Court Judge; Daniel W. Stiller, Executive Director-Federal Defender Services; and attorneys Edward Hunt, Michael Cohn and Thomas Wilmouth." <u>Id.</u> at n.1.

5

and plain statement of the grounds for removal, asserting that the moving parties were federal officials or employees, and reciting 28 U.S.C. §§1441 and 1442(a)(1), which allow defendants to remove to federal courts cases in which federal courts have original jurisdiction (§1441) and cases against the United States, its officers or their agents (§1442(a)(1)). Dkt. No. 3 at 3. The movants also attached to the notice the pleadings, orders and other documents filed in the case while it was pending in state court.

In short, the plaintiff has not alleged that there was any defect in the removal procedure, and the court finds that the movants properly followed that procedure.

### b. This Court has Subject-Matter Jurisdiction.

The plaintiff argues that the court should remand his case to state court because it does not have subject matter jurisdiction. Section 1447(c) allows a federal court to remand at any time before final judgment if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).

The plaintiff quotes Lewis, 519 U.S. 61 for the proposition that Article III, §2 of the United States Constitution provides that "[t]he judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." Dkt. No. 7 at 3. He asserts that, because this case does not involve claims between citizens of different states, this court lacks subject-matter jurisdiction.

6

The plaintiff's argument assumes that the only basis for a federal court's subject matter is "diversity"—the fact that a suit involved claims by citizens of one state against citizens of another. His assumption is incorrect.

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Article III, §2 of the Constitution grants federal courts authority under "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States . . . ." This is what is known as "federal question" jurisdiction—federal courts have subject-matter jurisdiction over cases that involve questions of federal law. Article III, §2 also grants federal courts jurisdiction over cases between citizens of different states under certain circumstances, as the plaintiff states.

Congress codified both of these constitutional bases of subject-matter jurisdiction; 28 U.S.C. §1331 codifies "federal question" jurisdiction, and 28 U.S.C. §1332 codifies "diversity" jurisdiction. As the Supreme Court has said:

> In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In order to provide a neutral forum for what have come to be known as diversity cases, Congress *also* has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. § 1332.

Exxon Mobil, 545 U.S. at 552 (emphasis added).

The plaintiff's second amended complaint contains numerous allegations that the defendants violated his rights under the United States Constitution. He alleges that some of the defendants violated the Eighth Amendment by denying him bail. He alleges that he was denied his right to counsel, a Sixth Amendment claim. He alleges denial of access to courts, a due process claim under the Fourteenth Amendment. He alleges a retaliation claim, which lies under the First Amendment.

True, some of the actions of which he complains may also implicate the Wisconsin constitution. In fact, there are provisions of the Wisconsin constitution that are similar to the provisions of the Constitution of the United States (not surprisingly). But the fact that the second amended complaint happens to contain allegations under both federal and state law does not deprive this court of its constitutional jurisdiction over the federal claims. In fact, 28 U.S.C. §1367 allows federal courts to have "supplemental jurisdiction" over state-law claims that are related to the federal claims which provide the basis for the federal court's jurisdiction.

The second amended complaint also alleges various state common law tort claims. The Federal Tort Claims Act, 28 U.S.C. §§1346(b); 2671-2680 (1988) mandates that the only remedy for someone who claims damages from negligent or wrongful acts by federal employees acting in the scope of their employment is for them to sue the United States. The United States Attorney has certified that for the common-law tort claims, the defendants the plaintiff named in those claims were acting within the scope of their employment, see

8

dkt. no. 78, and consequently the United States *is* a defendant in this case (contrary to the plaintiff's assertion).[3]

For all of these reasons, the court has subject-matter jurisdiction over the claims in the plaintiff's amended complaint.

        c.    The Plaintiff's Equity Argument is Not Proper for the Court to Consider.

The only other argument the plaintiff provides in support of his request for remand is his view that it is not fair for him to have to litigate his claims against the federal defendants on their "home turf," so to speak. Because the law requires the plaintiff to litigate many of his claims in federal court, this amounts to an argument by the plaintiff that the law is not fair.

As far back as 1880, the Supreme Court recognized the interest of having disputes involving the officers or agents of the federal government resolved in federal court:

> [The federal government] can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offence against the law of the State, yet warranted by the Federal authority they possess, and if the [federal] government is powerless to interfere at once for their protection,-if their protection must be left to the action of the State court,-the operations of the [federal] government may at any time be arrested at the will of one of its members.

Tennessee v. Davis, 100 U.S. 257, 263 (1880).

---

[3] The plaintiff does not dispute that the named defendants were federal officers and, in his motion for remand, he indicates that he believes all the defendants to be federal employees. Dkt. No. 7 at 1.

In Willingham v. Morgan, 395 U.S. 402, 407 (1969), the Supreme Court quoted the above reasoning of Davis, holding that:

> [f]or this very basic reason, the right of removal under s 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court. Federal jurisdiction rests on a 'federal interest in the matter,' the very basic interest in the enforcement of federal law through federal officials.

Willingham, 100 U.S. at 263. In 2007, the Supreme Court put it this way:

> . . . the removal statute's basic purpose is to protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority. State-court proceedings may reflect "local prejudice" against unpopular federal laws or federal officials. In addition, States hostile to the Federal Government may impede through delay federal revenue collection or the enforcement of other federal law. And States may deprive federal officials of a federal forum in which to assert federal immunity defenses.

Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 150 (2007) (internal citations and quotations omitted).

Important interests ground the absolute right of federal officers to proceed in federal court. Willingham, 395 U.S. at 407. Those interests are so important that Congress has codified the rights of federal officers to proceed in federal court; the government's notice of removal cited several of those statutes.

Under 28 U.S.C. §1441:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Under 28 U.S.C. §1442(a)(1):

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.][4]

Finally, under 28 U.S.C. §1346(b)(1):

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Despite the statutes and the case law, the plaintiff argues that requiring him to litigate in federal court "is a mockery of judicial process and the

---

[4] For federal officers to assert removal under §1442(a)(1), they must assert a federal defense. Mesa v. California, 489 U.S. 121, 139 (1989). Here, after the plaintiff filed his motion for remand and motion for transfer, the federal defendants filed a motion to dismiss. Dkt. No. 94. Among other things, the memorandum in support of the motion to dismiss asserted that all of the remaining, named defendants qualify for some sort of official immunity—either absolute judicial immunity, absolute quasi-judicial immunity, absolute prosecutorial immunity or qualified immunity. Dkt. No. 95 at 8. The assertion of an immunity defense is a "federal defense;" the Supreme Court deemed the process of determining whether federal officials may avail themselves of official immunity as "[a] crucial reason" for federal officers needing the protection of a federal forum. Int'l Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 87 (1991). The defendants have met the federal defense requirement.

American Court System." Dkt. No. 7 at 4. He argues that forcing him to litigate in federal court creates a conflict of interest. The plaintiff has a right to his opinion, but the court does not have the power or the authority to ignore Supreme Court common law and federal statutory law. The remedy for anyone who believes that a law is unfair is to go to Congress and seek to change that law. Courts do not legislate; Congress does.

### d. Conclusion

The defendants properly followed the removal process. This court has subject-matter jurisdiction over the plaintiff's claims. The law requires a number of the plaintiff's claims to be litigated in federal court. For these reasons, the court will deny the plaintiff's motion to remand.

### 2. *Motion to Transfer Venue*

Next, the plaintiff asks the court to transfer the venue of his case from the Eastern District of Wisconsin to either the Northern District of Illinois or the Western District of Wisconsin. Dkt. No. 8 at 3. In support of this request, he cites 28 U.S.C. §1404(a), as well as an Eighth Circuit case and a case from a district court in Missouri.

Under 28 U.S.C. §1404(a), a court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case

12

consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum." Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973, 978 (7th Cir. 2010) (citing cases). "Other related factors include the location of material events and the relative ease of access to sources of proof." Id. (citing cases).

As for the interest of justice consideration, "courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." Id. (internal citations omitted).

The plaintiff is correct that section 1404(a) is a "change of venue" statute. But there is *another* statute which the plaintiff does not mention, one that governs venue in the first instance. That statute is 28 U.S.C. §1391, and it is the starting place for a court to decide where venue properly lies. Section 1391(b) says that a party may bring a case either in (1) the district where any of the defendants reside, "if all defendants are residents of the State in which the district is located;" (2) the district where most of the events occurred; or (3) if neither of those districts are available, "any judicial district in which any defendant is subject to the court's personal jurisdiction" over the case.

13

The second amended complaint does not identify where each of the defendants lives. At the time of the incidents the plaintiff describes, however, all of them worked in the Eastern District of Wisconsin. Without proof to the contrary, it is safe to assume that all of the defendants lived in the Eastern District of Wisconsin. Under §1391(b)(1), then, venue is proper in the Eastern District of Wisconsin. Similarly, all of the events that the plaintiff describes in the second amended complaint took place in the Eastern District of Wisconsin—most of them in the courthouse at 517 East Wisconsin Avenue in Milwaukee. Under §1391(b), venue is proper in the Eastern District of Wisconsin. Because venue is proper in the Eastern District under §1391, the question is whether there is any reason for the court to exercise its discretion to transfer venue away from the district where venue is proper.

The plaintiff does not argue that transferring this case to the Northern District of Illinois or to the Western District of Wisconsin would result in increased convenience for any of the numerous defendants. Because the defendants lived here during the events in question, many (if not all) of them likely still live in the Eastern District today. Many of them still likely work in the Eastern District. Transferring the case to Chicago or Madison, therefore, would result in *decreased* convenience for the defendants.

Nor has the plaintiff argued that transferring the case to Madison or Chicago would be more convenient for any possible witnesses. The events about which the plaintiff complains all took place in the Eastern District of Wisconsin—again, many of them in the courthouse on Wisconsin Avenue—so

14

the witnesses to those events likely would be in Milwaukee or the surrounding area. Traveling to Madison or Chicago would be less convenient for them.

Because the events giving rise to the second amended complaint occurred in the Eastern District of Wisconsin, the evidence the parties would need would be located in this district. The record thus far does not indicate that there would be any relevant evidence in other districts.

Rather than focusing on the "[f]or the convenience of the parties and witnesses" prong of §1404, the plaintiff focuses on the "interest of justice" prong. As he did in his motion for remand, he argues that for his case to proceed "under the power of those people he is taking civil action against and their colleagues and co-workers with whom they have day to day social relationships with, is a mockery of judicial process and the American Court System." Dkt. No. 8 at 1-2. The plaintiff's argument boils down to an allegation that any judge in the Eastern District will be biased against the plaintiff because the plaintiff is suing individuals who work in the same building, and who may work with, or have worked with in the past, the defendants he has named.

"The 'interest of justice' analysis relates . . . to the efficient functioning of the courts, not to the merits of the underlying dispute." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). That is why the case law focuses on issues such as ensuring speedy trials, or trying related cases together, or (where the federal case may involve questions of state law) having a judge familiar with the law consider the case. It is a statute designed to promote

15

practicality and convenience, not to address a litigant's concern that he will not get a fair shake.

In criminal cases, defendants sometimes will request a change of venue under the Sixth Amendment to the Constitution, which guarantees a criminal defendant a right to trial before a fair jury. If a criminal defendant—who did not choose to be in court, and did not choose the district in which he was charged—is concerned that the jury in that district will not be fair, he may make such a motion. See, *e.g.*, Skilling v. United States, 561 U.S. 358 (2010). A civil case is different. The plaintiff in a civil case *chooses* to come to court. If that plaintiff is concerned that the court may not be fair to him, he has options available to him to address that concern. But when venue is proper, and there is no judicial administration reason to transfer venue, §1404(a) is not the proper vehicle for the plaintiff to use to have his case transferred elsewhere.

I (Judge Pepper) was not involved in United States v. Bodie B. Witzlib, 13-cr-99-LA (E.D. Wis.). When the grand jury indicted the plaintiff on May 21, 2013, I was not a federal district judge. I was not aware of the plaintiff's criminal prosecution until the clerk's office assigned his case to me. My obligation under my oath of office is to "administer justice without respect to persons, and do equal right to the poor and to the rich, and . . . [to] faithfully and impartially discharge and perform all duties incumbent upon [me] . . . under the Constitution and laws of the United States." 28 U.S.C. §453. I strive, in this case and in every case before me, to do that.

16

Case 2:15-cv-00211-BHL   Filed 03/30/18   Page 16 of 18   Document 115

If the plaintiff disagrees with my decisions, he may seek reconsideration, or appeal. If the plaintiff does not want his case to go forward in the Eastern District, he may dismiss it, and seek to file it elsewhere. If he believes that I am biased against him for some reason that he can articulate, he may request recusal. The court will deny the motion for transfer of venue.

### III. Motion For Scheduling Hearing (Dkt. No. 114)

The plaintiff also has filed a motion for a scheduling hearing, asking the court to "schedule[e] a trial and set[] dates for discovery disclosure and other standard litigations procedures[.]" Dkt. No. 114 at 1. The plaintiff alleges that the court has failed to rule on pending motions and has unlawfully delayed his court proceedings. Id.

I acknowledge that it is taking an inordinately long time for me to rule on the plaintiff's motions, and I regret that fact. When the plaintiff filed his case, there were five federal district court judges in Milwaukee. Now there are three. Meanwhile, the court's caseload has increased; filings are up over previous years. This means the that there are more trials, which means that I am in court more often and have less time than I would like to work on motions and other pleadings. As I have noted previously, the plaintiff has filed a number of lengthy documents, and the defendants' pleadings also are long and detailed. This adds to the time it takes for me to consider every argument carefully, and to give it the attention it deserves. I have been working on this case, and continue to do so. I issue this order today, and hope to have an order out on the defendants' motion to dismiss very soon.

I also note that it is my practice, in all civil cases, to defer holding a scheduling conference in cases where a motion to dismiss is pending. The reason is practical: If I end up granting the motion to dismiss the case, the time spent setting up discovery schedules and final pretrial conferences and trial dates will have been wasted, for all the parties. Once I have issued the ruling on the defendants' motions to dismiss, I will address scheduling issues. For now, I will deny without prejudice the plaintiff's motion for a scheduling hearing.

### III. Conclusion

The court **DENIES** the plaintiff's motion to remand the case to Washington County Circuit Court. Dkt. No. 7.

The court **DENIES** the plaintiff's motion to transfer venue. Dtk. No. 8.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for a scheduling hearing, Dkt. No. 114.

Dated in Milwaukee, Wisconsin this 30th day of March 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

18

Case 2:15-cv-00211-BHL  Filed 03/30/18  Page 18 of 18  Document 115